

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBERTO ESPINOZA-MEZA,                    CASE NO. 07-CV-2288 W
                                                        07-CR-0062 W
12                             Petitioner,
                                               ORDER DENYING PETITION
          vs.                                  FOR HABEAS CORPUS
13                                             UNDER 28 U.S.C. 2255 (Cr.
     UNITED STATES OF AMERICA,                 No. 20)
14
                              Respondent.
15   _____

16        On June 1, 2007 Petitioner Roberto Espinoza-Meza ("Petitioner") entered into

17   a plea agreement with Respondent United States of America ("Respondent" or

18   "Government") regarding Petitioner's arrest and charge for importation of

19   methamphetamine. (Cr. No. 15.)  On September 11, 2007, in accordance with the

20   plea, the Court sentenced Petitioner to seventy months. (Cr. No. 19.)  Pending before

21   the Court is Petitioner's motion to vacate or reduce his sentence pursuant to 28 U.S.C.

22   § 2255. (Cr. No. 20.)  The Court takes the matter under submission and without oral

23   argument.  See S.D. Cal. Civ. R. 7.1(d)(1).  For the following reasons, the Court

24   **DENIES** Petitioner's motion to vacate.

25   ///

26   ///

27   ///

28   ///

07cr0062W/07cv2288W

## I.   BACKGROUND

On June 1, 2007 Petitioner entered into a Plea Agreement with the Government regarding Petitioner's arrest and charge for importation of methamphetamine. (Cr. No. 15 [hereinafter "*Plea Agreement*"].)  In exchange for certain Government concessions and a low-end sentencing recommendation, Petitioner agreed to waive any appeal or collateral attack of his conviction and sentence, so long as the Court did not sentence Petitioner above the high end of the resulting sentencing guideline range.  (*Plea Agreement* 8.)  Specifically, the Plea Agreement provided:

> In exchange for the Government's concessions in this plea agreement, [Petitioner] waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range or statutory mandatory minimum term, if applicable recommended by the Government pursuant to this agreement at the time of sentencing. ... If defendant believes that Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Id.*)

On September 11, 2007, consistent with the Government's recommendation and plea agreement, the Court sentenced Petitioner to seventy months in prison, which was the low end of the applicable sentencing guideline range. (Cr. No. 19.)  Petitioner does not argue that he objected to this sentence at the time of sentencing.

On December 6, 2007 Petitioner filed this motion to vacate or reduce his sentence under 28 U.S.C. § 2255, arguing equal protection and due process violations in the length and conditions of his confinement.  (*Pet.* 2.)  On January 2, 2008 the Court set a briefing schedule, giving the Government until March 14, 2008 to respond and Petitioner until May 2, 2008 to file his traverse. (Cr. No. 21.)  On March 5, 2008 the Government responded in opposition.   To date, the Court has not received any traverse by Petitioner, nor has Petitioner requested an extension of time in which to file a traverse.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).   But this does not encompass all claimed errors in conviction and sentencing. Id. at 187.   A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

## III.   DISCUSSION

Petitioner apparently argues that his sentence violates equal protection and due process because he, unlike a United States citizen, cannot take advantage of a drug program or half-way house while confined.   (Pet. 2.)   Respondent contends that, whatever Petitioner may argue, he has already waived his right to collaterally attack his conviction and sentence.   (Respt.'s Opp'n 3.)

The Court agrees with Respondent.

Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000).   If a waiver

07cr0062W/07cv2288W

1  of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an

2  end. <u>Nguyen</u>, 235 F.3d at 1182.  Like the right to bring a direct appeal, the right to

3  bring a collateral attack is statutory. <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th

4  Cir. 1993).  And, as with the right to appeal, the knowing and voluntary waiver of the

5  statutory right to collaterally attack a conviction is enforceable.  <u>Id.</u>

6       Here, Petitioner in his Plea Agreement waived both his right to appeal and right

7  to collaterally attack his sentence. (*Plea Agreement* 8.)  Because the Court accepted the

8  Plea Agreement's low-end sentencing recommendation, this condition holds.  Nowhere

9  does Petitioner argue that his waiver was either not knowing or involuntary; to the

10 contrary, Petitioner initialed each page of the Plea Agreement and signed his full name

11 to the last page.  On June 18, 2007, at his disposition hearing, Petitioner acknowledged

12 that he signed the Plea Agreement, indicated that he understood the Agreement, and

13 indicated that he had enough time to talk to his attorney about the Agreement.

14 (*Respt.'s Opp'n*, Ex. D at 4–5.)  Because Petitioner does not argue that he failed to

15 execute a knowing and voluntary waiver, and all the evidence indicates otherwise, the

16 Court finds that Petitioner has waived the right to collaterally attack his sentence.

17 Accordingly, the Court **DENIES** Petitioner's motion to vacate his sentence under 28

18 U.S.C. § 2255.

19

20 IV.   <u>CONCLUSION</u>

21       For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate his

22 sentence under 28 U.S.C. § 2255.

23       **IT IS SO ORDERED.**

24

25 DATED: July 8, 2008

26                                    HON. THOMAS J. WHELAN
27                                    United States District Court
28                                    Southern District of California

07cr0062W/07cv2288W